IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

FREDERICK CORDER                                             APPELLANT

v.                                                      CIVIL ACTION NO. 1:18-cr-127

UNITED STATES OF AMERICA                            APPELLEE

**ORDER**

      This cause comes before the court on the appeal of the Magistrate Judge's conviction and sentence of the appellant, Dr. Frederick Corder, for various charges in connection with the unlawful killing of legally-protected birds. On November 6, 2017, Dr. Corder was charged by Information with one count of conspiracy to violate the Migratory Bird Treaty Act and eight substantive counts of violating, or aiding and abetting the violation of, that Act. Following a bench trial before Magistrate Judge David A. Sanders on August 6 and 7, 2018, Dr. Corder was convicted on all nine counts. He was subsequently sentenced to a total fine of $50,000.00, which consisted of $10,000.00 for the conspiracy count and $5,000.00 for each of the eight substantive counts. Dr. Corder was placed on probation for a period of two years, and the primary condition of that probation was that he could not hunt during the two-year probationary period. Dr. Corder subsequently appealed his conviction to this court, raising appellate issues regarding: 1) the evidentiary basis for his conviction, 2) the substantive reasonableness of the sentence, and 3) alleged procedural errors made by the Magistrate Judge during sentencing, in particular his failure to make on-the-record findings regarding the 18 U.S.C. § 3553 sentencing factors.

      On November 21, 2019, this court held oral argument regarding Dr. Corder's appeal and notified the parties beforehand that it was seeking arguments primarily on the third issue. In deciding to consider oral argument on this procedural issue, this court was motivated largely by

the fact that, while the government provided thorough and comprehensive briefing with regard to appellant's first two points of error, it did not offer any written opposition to his argument that the Magistrate Judge had failed to make on-the-record findings regarding the § 3553 factors. It was unclear to this court whether this was simply an oversight or whether the government was tacitly conceding Dr. Corder's arguments in this regard.

At the hearing, it became clear that the government had, in fact, very few arguments to make in opposition to defendant's procedural objections to the proceedings below. At the hearing, the government agreed with Dr. Corder that, as a misdemeanor case outside of the scope of the sentencing guidelines, the § 3553 factors do, in fact, apply. These factors are as follows:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

>    (5) any pertinent policy statement—
>    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.[1]
>    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553.

At the hearing, the government noted that the Magistrate Judge stated on the record that he had considered letters from the community in making his sentence, but it offered no arguments as to how that related to the § 3553 factors quoted above. Moreover, while the government strongly argued that Dr. Corder's sentence was reasonable, it did not offer any real rebuttal to his argument that there were insufficient on-the-record findings to enable a thorough appellate review of that sentencing. At the hearing, the government argued that, if this court believed that the appellate record was insufficient to conclude that the § 3553 factors had been considered, then the appropriate response would be to remand this case to the Magistrate Judge for express findings in this context. This court agrees that this is the proper course of action. Even though it is clear from the record that the Magistrate Judge carefully considered his sentence beforehand (and continued the sentencing hearing so that he could do so), it is also true that the written record in this case is quite sparse regarding his consideration of the § 3553 factors. While this court is confident that the Magistrate Judge did, in fact, consider § 3553 factors in his sentencing, it concludes that the better practice would be to remand this case so that he may make those findings expressly on the record.

It is therefore ordered that this appeal is remanded to the Magistrate Judge for on-the-record findings regarding the § 3553 factors, and, if consideration of those factors requires a

modification of Dr. Corder's sentence, for resentencing. The present motion to appeal [18-1] is dismissed without prejudice to refiling after the Magistrate Judge makes the appropriate findings on remand.[1]

SO ORDERED, this the 15th day of January, 2020.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE

---

[1] This court notes in passing that it is not critical of the sentence and fine imposed but it believes that additional findings on the record are needed to allow it to fairly determine these issues on appeal.